Lawrence J. Semenza, Esq. (State Bar No. 47134)
Lawrence J. Semenza, Ltd.
3753 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Telephone: (702) 369-6999
Fax: (702) 995-9036
Email: lsemenza@semenzalawfirm.com

Attorney for Debtor Representative,
Yvette Hargrove-Brown

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re: DA & AR Hospice Care, Inc.,<br><br>Debtor, | Case No. 2:21-bk-19219-ER<br><br>Chapter 11<br><br>**MOTION TO STRIKE MAY 4, 2022 DECLARATION OF ATTORNEY JAMES DUMAS IN ITS ENTIRETY PURSUANT TO RULES 12(f) AND 11(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 3.10 OF THE CALIFORNIA RULES OF PROFESSIONAL CONDUCT**<br><br>DATE:    May 11, 2022<br>TIME:    10:00 a.m.<br>CTRM:   1568 |

**TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**YOU ARE HEREBY NOTIFIED THAT** pursuant to Rules 12(f) and 11(b) of the Federal Rules of Civil Procedure, the related Rules of Bankruptcy Procedure adopting the Federal Rules and Rule 3.10 of the California Rules of Professional Conduct, Declarants

MICHAEL E. REZNICK ("Reznick") and YVETTE HARGROVE-BROWN ("Brown") will and hereby do move the Court for an order striking the May 4, 2022 rank hearsay declaration filed herein by attorney and alleged "friend of the court" JAMES DUMAS ("Dumas") ("Dumas Declaration") in its entirety for each and all of the foregoing reasons:

Reznick and Dumas are opposing counsel in a highly contentious, unrelated personal injury lawsuit pending against his client in Marin County, California entitled *John Doe 7004, et al. v. Lorraine Grace, et al.*, Case No. CIV 2002036 (the "Grace Case"). Regrettably, the Grace Case did not settle after an all-day mediation that took place before a retired judge at ADR on March 30, 2022. Trial is scheduled to commence in December 2022.

The Dumas Declaration concedes that Dumas has "no knowledge whatever regarding Ms. Rivera, the within debtor, and their various interactions with Mr. Callahan." (Dumas Declaration at 5:6-7). Dumas further admits, as he must, that he has "insufficient knowledge to be able to say that Mr. Reznick won't be ab le to prove his allegations" [set forth in the First Amended Complaint attached to the Reznick Declaration in Opposition to the OSC] (Dumas Declaration at 6:17-18). Yet within days of the aborted settlement in the Grace Case, Dumas reached out to the Trustee to offer his conclusory, irrelevant personal opinions about Reznick and Brown and offered to share his incompetent evidence with the Trustee

Other than establishing Dumas's clear animus against Daniel Callahan ("Callahan"), a third party, the Dumas Declaration constitutes little more than a character assassination built on a house of sand and inadmissible hearsay and character evidence. Dumas also asserts in conclusory fashion, without any foundation or any other evidentiary support, that Reznick and attorney Lawrence Semenza, who is representing Brown in these proceedings, must be Callahan's "proxies" in this bankruptcy case, as well as other bankruptcy cases and several unrelated cases – despite the fact that Callahan admittedly was not and is not a party to any of the cases he identifies, the s Dumas Declaration proves nothing.

***More importantly, the Dumas Declaration was filed by Dumas for an improper purpose, namely, an attempt to gain an advantage in a civil case by filing papers in what is essentially an administrative matter.***

As the docket reflects, this case was dismissed some time ago. Once the Trustee's post-dismissal Application for the subject "Order to Show Cause" sought a reference to the Bankruptcy Disciplinary Panel, however, she converted this proceeding into a matter that is now more administrative in nature.

Rule 3.10 of the California Rules of Professional Conduct provides in pertinent part:

(a) A lawyer shall not threaten to present criminal, administrative, or disciplinary charges to obtain an advantage in a civil dispute.

(b) As used in paragraph (a) of this rule, the term "administrative charges" means the filing or lodging of a complaint with any governmental organization that may order or recommend the loss or suspension of a license, or may impose or recommend the imposition of a fine, pecuniary sanction, or other sanction of a quasi-civil nature pending before a federal, state or local governmental entity. . . ."

Needless to say, Dumas was not acting as a "Good Samaritan" when he "lodged" and filed what is the equivalent of a complaint against Reznick, his opposing counsel in an unrelated civil case, in this bankruptcy proceeding. Dumas violated and continues to violate Rule 3.10 because his real purpose and motivation in lodging and filing the Dumas Declaration was and is to gain an advantage in the Grace Case by having Reznick removed from the case if Dumas and the Trustee are successful in obtaining an order referring this matter to the Bankruptcy Disciplinary Panel – a Panel that carries with it the power to recommend potential suspension or disbarment of Reznick.

Moreover, it is established law that a lawyer may not file a paper in federal court for an "improper purpose." Rule 11(b), Fed.R.Civ.P.

3

MOTION TO STRIKE DUMAS DECLARATION ON ORDER TO SHOW CAUSE

In this case, Reznick and Brown contend that in addition to violating Rule 3.10, Dumas filed and lodged the Dumas Declaration in violation of Rule 11(b) of the Federal Rules of Civil Procedure, which prohibits filing papers for an "improper purpose."

Rule 12(f) of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> "The Court may strike from a pleading . . . any . . . immaterial, impertinent, or scandalous matter."

The Dumas Declaration lacks foundation and any other admissible evidence. Moreover, Dumas relies on rank hearsay, multiple hearsay and inadmissible character evidence in his attempt to taint Reznick's integrity and character, or lack thereof. Most importantly, the Dumas Declaration was improperly filed in violation of Rule 3.10 of the Rules of Professional Conduct to gain an improper advantage in the Grace Case.

This Court should not countenance Dumas's attempt to gain an unfair advantage in the Grace Case and strike the Dumas Declaration in its entirety on its own motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

DATED:  May 5, 2022                         /s/ Lawrence. J. Semenza
                                                      LAWRENCE J. SEMENZA